UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIGI ENTERPRISES, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KONAN KOUADIO and<br>ZIGGY CLOTHES,<br><br>　　　　Defendants. | Civil Action No. 1:14-cv-09430 |

## STIPULATED CONSENT JUDGMENT

ZIGI Enterprises, Inc. ("ZIGI"), is the owner of valid and subsisting trademarks, registered with the United States Patent and Trademark Office, including for the marks, ZIGGIES, ZIGINY, ZIGIGIRL and ZIGISOHO, U.S. Trademark Registrations No.s 4,441,743; 3,551,999; 3,524,686; and 3,619,783, for the goods identified therein (the "ZIGI Marks");

Konan Kouadio ("Mr. Kouadio"), under his own name, and/or, through the "doing business as" ("d/b/a") of ZIGGY CLOTHES, engaged in the sale of goods and/or services, utilizing ZIGGY as a mark or name, or as a component of a mark or name;

ZIGI contends that Mr. Kouadio's conduct infringes the ZIGI Marks;

ZIGI commenced the above captioned action for trademark infringement and unfair competition against Konan Kouadio ("Mr. Kouadio") and ZIGGY CLOTHES;

1

Mr. Kouadio has not retained counsel to defend the claims asserted by ZIGI in its Complaint in the above captioned action and has not filed an answer or otherwise contested ZIGI's claims in the above captioned action;

ACCORDINGLY, the parties hereby consent to entry of judgment as follows:

1. Mr. Kouadio is permanently enjoined from (a) using ZIGGY as a mark or name, (b) from using ZIGGY as a component of any mark or name, (c) from using any phonetic equivalent of ZIGGY as a mark or name, and (d) from using any phonetic equivalent of ZIGGY as a component of any mark or name:

    a. in connection with the sale of any apparel and any related goods and services;

    b. as a d/b/a;

    c. in any domain name;

    d. in any email address;

    e. in any identifier for any social media site (for example, Face Book, Twitter, etc.);

    f. in any application to be made with the United States Patent and Trademark Office;

    g. in any advertisement, display, fashion show, or store for good or services related to apparel.

2. Mr. Kouadio is further permanently enjoined from engaging in any other conduct that causes, or is likely to cause, confusion with ZIGI and any of ZIGI's marks or goods or services.

3. Nothing contained in this Stipulated Consent Judgment, prevents Mr. Kouadio from:

    a. using "Ziggy' as his nickname in non-commercial settings;

    b. using ZIGGY as a mark and name or as a component of any mark or name, in connection with the operation of:

        i. a record label (*i.e.*, a business for creation, sale, and distribution of music);

        ii. a nightclub;

        iii. a basketball court or

        iv. a restaurant;

provided that neither ZIGGY nor its phonetic equivalent is used as a mark or name, or as the component of a mark or name, on any clothing or other wearable product promoting, advertising, or otherwise associated with said record label, nightclub, basketball court, or restaurant.

4. By March 10, 2015, Mr. Kouadio will:

    a. Destroy or deliver to ZIGI's counsel noted below, all apparel, goods and things in his possession, custody, or control, bearing ZIGGY as a mark or name, or as a component of mark or name, whether ZIGGY is prominently displayed on the clothing or apparel, or merely used, by way of example only, on the items' tag/label;

    b. Remove any and all content, and messaging from the website, ziggyclothes.com, such that a person or entity conducting a search for ziggyclothes.com will not see any content concerning ZIGGY CLOTHES, referencing ZIGGY CLOTHES, or otherwise utilizing ZIGGY in any manner.

  c. Shut down and otherwise make unviewable, the Face Book account maintained under the name, ZIGGY CLOTHES.

 5. Nothing in this Stipulated Consent Judgment prevents Mr. Kouadio from keeping and wearing for his personal use only, the apparel in his possession bearing ZIGGY as a mark or name or as a component of mark or name, which apparel is part of his personal wardrobe and which consists of not more than thirty five units (the "Personal Wardrobe Exclusion"). Mr. Kouadio will not use any apparel in the Personal Wardrobe Exclusion in connection with any commercial enterprise, including the sale, marketing, advertisement, promotion or display of any commercial enterprise.

 6. Nothing in this Stipulated Consent Judgment precludes Mr. Kouadio from operating a business for the sale of clothing and apparel utilizing ZIGGY in the Republic of Cote d'Ivoire, Africa as a mark or name or component of a mark or name in connection with the sale of apparel; so long as the apparel is not shipped into the USA and so long as such sale and such business is not advertised or promoted on the internet, or through any social media (e.g., Facebook, Twitter, etc.).

 7. Each party will bear its own costs and attorneys' fees and no damages are awarded.

(SIGNATURES FOLLOW ON THE NEXT PAGE)

_____
Joshua L. Kirsch, Esquire (JK 6629)
Candace E. Chun, Esquire (CC 2052)
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606
ATTORNEY FOR PLAINTIFF
ZIGI ENTERPRISES, INC.

_____
Konan Kouadio, individually and d/b/a
ZIGGY CLOTHES

SO ORDERED:

_____, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2015, I filed the attached document with the court using the CM/ECF system, and served it via First Class Mail upon Defendant Konan Kouadio individually and D/B/A Ziggy Clothes at the address below:

> Konan Kouadio
> Konan Kouadio d/b/a Ziggy Clothes
> 537 Trinton Avenue
> Apt. 22
> Bronx, NY 10455
> konankouadio8@yahoo.com
> ziggyclothes@yahoo.com

_____
Joshua L. Kirsch